**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **NY'KERIAH BRAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-198 (MTT)** |
| | ) | |
| **GRINER INVESTMENTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ORDER

On May 20, 2026, Plaintiff Ny'keriah Bray, proceeding pro se, filed her complaint

against Griner Investments, her former employer. ECF 1. That same day, she filed a

motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Bray's

motion to proceed IFP (ECF 2) is **GRANTED**. But Bray's complaint lacks important

factual allegations that Bray may have omitted because of her pro se status. Thus, the

Court **ORDERS** Bray to amend her complaint by **July 13, 2026**.

### I. DISCUSSION

**A. Motion to Proceed IFP**

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show she is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of h[er] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether [s]he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

The Court has reviewed Bray's IFP affidavit. Bray's affidavit establishes that she cannot pay the court fees without undue hardship. ECF 2. Thus, Bray's motion to proceed IFP (ECF 2) is **GRANTED**.

-2-

## A. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Bray is proceeding pro se, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Bray was employed at a McDonald's restaurant in Bonaire, Georgia, owned by Griner Investments. ECF 1 ¶ 6. Bray alleges that on April 25, 2025, she suffered an ankle fracture resulting in her need for medical accommodation at work. *Id.* ¶¶ 7-8. Bray alleges that her supervisors required her to work in a standing position, changed her work schedule after she complained, made derogatory comments to her, and required her to continue working in an "uncomfortable and hostile environment." *Id.* ¶¶ 12-24, 37. Bray was terminated on November 24, 2025. *Id.* ¶ 25. Bray asserts four claims under Title VII and the Americans with Disabilities Act ("ADA"): (1) Hostile Work Environment, (2) retaliation, (3) disability discrimination, and (4) failure to accommodate. *Id.*

Bray's complaint contains deficiencies. First, her Title VII claims are subject to dismissal because she alleges no facts to demonstrate discrimination on the basis of "race, color, religion, sex, or national origin," as required by Title VII. 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k). Moreover, the Court cannot determine whether Bray states a claim for retaliation because Brey does not allege whether she intends to assert her retaliation claim under Title VII or under the ADA. Finally, regarding her failure-to-accommodate claim, Bray's complaint omits important details, such as whether she submitted an accommodation request. However, given Bray's pro se status, the Court will afford her an opportunity to amend her complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court

should give the pro se plaintiff an opportunity to amend h[er] complaint instead of dismissing it.").

For these reasons, Bray is **ORDERED** to amend her complaint to include all facts that she wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing her claims. Bray shall have until **July 13, 2026** to file her amended complaint.

In the "statement of claims" section of her amended complaint, Bray must, as she did in her first complaint, link any claims she makes to a named defendant. If Bray fails to link a named defendant to a claim, the claim will be dismissed; if Bray makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action.

Bray must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of her rights under a specific law. It is also recommended that, when drafting her "statement of claims," Bray list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Bray injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Bray's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Bray may not refer to, or incorporate by reference, her previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is

filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## B.  Fed. R. Civ. P. 11 Obligations

The Court informs Bray of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Bray's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)   the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## C.  Artificial Intelligence

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Bray in meeting her pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement disclosing whether Plaintiff used AI to assist in the preparation of and drafting of the pleading. Plaintiff need not disclose specifically how Plaintiff used AI. The statement shall also certify that Plaintiff has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Bray's motion to proceed IFP (ECF 2) is **GRANTED**, and Bray is **ORDERED** to amend her complaint no later than **July 13, 2026**.

**SO ORDERED**, this 23rd day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT