**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **NY'KERIAH BRAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-CV-198 (MTT)** |
| | ) | |
| **GRINER INVESTMENTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

On June 23, 2026, the Court granted Plaintiff Ny'keriah Bray's motion to proceed *in forma pauperis* ("IFP") and ordered her to recast her complaint to address deficiencies. ECF 3. Bray has since filed an amended complaint, and because she is proceeding IFP, the Court must screen and dismiss her complaint if: (1) it is frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal citation omitted). "A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir.

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the

2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Because Bray is proceeding pro se, her pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## I. BACKGROUND

This action arises out of Bray's employment at a McDonald's restaurant in Bonaire, Georgia, which Bray alleges is owned by the Defendant Griner Investments. ECF 4 at 2, 3. Bray began her employment at McDonald's on March 2, 2025. *Id.* ¶ 1. On April 20, 2025, Bray fractured her ankle. *Id.* ¶ 2. As an accommodation, Bray requested that she be allowed to sit while she was working when necessary. *Id.* ¶ 4. Bray's general manager, Keya Allen, approved her accommodation request. *Id.* ¶ 5. However, according to Bray, her assistant manager, Condrica Cobb, "repeatedly undermined or criticized [her] accommodation." *Id.* ¶ 6.

On May 5, 2025, Cobb allegedly "attempted to remove [Bray] from the approved accommodation position to another position that would require Plaintiff to stand continuously." *Id.* ¶ 7. However, Bray alleges that Allen intervened on her behalf and reminded Cobb that Bray could not stand. *Id.* ¶ 8. On May 31, 2025, Allen told Bray that she would not be receiving a printed schedule due to complaints from Cobb. *Id.* ¶ 9. Bray later alleges her scheduling was reduced. *Id.* ¶ 31.

---

light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

On June 20, 2025, Cobb stated to Bray: "I wish I could sit down in the back all day." *Id.* ¶ 10. On June 24, 2025, Bray heard Cobb speaking negatively about her to other assistant managers. *Id.* ¶ 11. Bray reported the comments to Allen, who notified his supervisor. *Id.* ¶ 12. Allen informed Bray that he intended to meet with Bray and Cobb regarding the incident, but no such meeting occurred. *Id.* ¶¶ 13-19.

According to Bray, the negative treatment from Cobb continued throughout August and September. Although Bray never alleges she was disciplined, she alleges that Cobb attempted to convince other managers to write Bray up. *Id.* ¶ 20. Bray resigned on November 24, 2025, due to a hostile work environment. *Id.* ¶ 22. Bray alleges that as she attempted to leave, Allen and another assistant manager physically prevented her from leaving. *Id.* ¶ 23. The next day, Allen allegedly told another McDonald's employee that Bray was terminated for disorderly conduct, although Bray never received formal communication or notification of termination. *Id.* ¶ 24.

Bray asserts four claims: (1) hostile work environment, (2) retaliation, (3) disability discrimination, and (4) failure to accommodate. *Id.* ¶¶ 25-39. She seeks lost wages, compensatory damages, and punitive damages. *Id.* at 8.

## II. DISCUSSION

### A. Hostile Work Environment

In Count I, Bray alleges she was subjected to unwelcome "derogatory comments and negative treatment related to her condition and accommodation." ECF 4 ¶¶ 25-28. Although her complaint does not specify, the Court construes her claim as one asserted under the Americans with Disabilities Act ("ADA").

The Eleventh Circuit has not stated in a published opinion that a hostile work environment claim exists under the ADA. However, the Eleventh Circuit has assumed without deciding that the claim exists on multiple occasions. *See, e.g., Stewart v. Jones Utility and Contracting Co., Inc.*, 806 F. App'x 738, 740 (11th Cir. 2020); *Cooper v. CLP Corporation*, 679 F. App'x 851, 852-53 (11th Cir. 2017). Thus, the Court assumes the same. Courts that have proceeded on the assumption that the ADA supports a hostile work environment claim have analyzed such claims using Title VII standards. To state a claim, Bray must allege that: "(1) [s]he belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee …; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under either a theory of direct liability or vicarious liability." *Doe v. Directions for Mental Health*, 2025 WL 589044, at *4 (M.D. Fla. Feb. 24, 2025).

Bray alleges that, for a period of at least six months, Cobb repeatedly made negative comments about her accommodation request, initiated a schedule change, and attempted to get her disciplined. ECF 4 ¶¶ 6, 7, 9, 10, 11, 20, 31. To prevail, Bray must plausibly allege her workplace was "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive environment." *Tonkyro v. Sec'y, Dep't. of Vet. Affairs*, 995 F.3d. 828, 835 (11th Cir. 2021). Although thin, Bray's allegations are sufficient to survive a frivolity review on her hostile work environment claim. Thus, Bray's hostile work environment claim shall proceed to discovery.

**B. Retaliation**

Next, Bray asserts an ADA retaliation claim. ECF 4 ¶¶ 29-32. To establish a prima facie case of retaliation under the ADA, Bray must allege that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between protected expression and adverse action. *Massa v. Teamsters Loc. Union 79*, 2025 WL 274426, at *4 (11th Cir. Jan. 23, 2025). Bray need not establish a prima facie case to state a claim, but she must allege facts sufficient to "raise her right to relief above a speculative level." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018).

Bray alleges that, after she reported the alleged harassment, her manager continued to make negative comments, reduced her schedule, and attempted to have her disciplined.[2] ECF 4 ¶¶ 30-31. Construed liberally, Bray's allegations are sufficient at this stage to state a claim. Thus, Bray's ADA retaliation claim will proceed to discovery.

**C. Disability Discrimination**

Bray also asserts an ADA disability discrimination claim. Title I of the ADA makes it unlawful for employers to discriminate against an otherwise qualified individual based on her disability. 42 U.S.C. § 12112(a). A Plaintiff establishes a prima facie case of discrimination when the plaintiff shows (1) she has a disability; (2) she is a qualified individual under the ADA; and (3) the employer discriminated against her "on the basis of disability." *See Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023); 42 U.S.C. § 12112(a).

---

[2] Bray also alleges she was terminated in retaliation for her protected activity. ECF 4 ¶ 31. However, Bray also alleges that she resigned on November 24, 2026. *Id.* ¶ 22. Thus, she has not plausibly alleged she was terminated in retaliation for her reports of the alleged harassment.

Here, for the same reasons as above, Bray's allegations are sufficient to survive the Court's frivolity review of her ADA discrimination claim. However, the Court questions whether Bray's fractured ankle falls under the ADA's definition of a disability. Under the ADA, a temporary injury can be considered an actual disability if it "substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Courts in this circuit have held that broken bones are not considered a disability where the plaintiff failed to allege the injury impeded the plaintiff's ability to perform major life functions. *See, e.g., Melton v. Rader Foods, Inc.*, 2023 U.S. Dist. LEXIS 1994, at *4 (SD. Fla. 2023) (concluding that a broken hand was not a disability when the plaintiff did not allege that he was "impeded from performing major life functions or activities"). However, in *Summers v. Altarum Institute, Corp.*, the Fourth Circuit held that the plaintiff had an actual disability under the ADA when he fractured his left leg and tore a tendon in his knee, rendering him unable to put weight on his leg for six weeks and unable to walk normally for at least seven months. 740 F.3d 325, 328, 332-33 (4th Cir. 2014). Here, Bray alleges that her fractured ankle impeded her ability to walk and stand, and that her injury persisted for at least two months. ECF 4 ¶¶ 2, 10. Walking and standing are listed as "major life activities" in 42 U.S.C. § 12102(2)(A). Thus, Bray's allegations, while thin, are sufficient at this stage to plausibly allege that her fractured ankle constituted a disability under the ADA and that she was discriminated against based on that disability. Thus, Bray's ADA discrimination claim will proceed to discovery.

**D. Failure to Accommodate**

Finally, Bray alleges the Defendant failed to accommodate her after she fractured her ankle. To prevail on an ADA failure to accommodate claim, a plaintiff must allege

that (1) she is disabled, (2) she is qualified, (3) her employer failed to provide her with a reasonable accommodation, and (4) "that failure negatively impact[ed] [her] hiring, advancement, discharge, compensation, training, [or] other terms, conditions, and privileges of [her] employment." *Holly*, 492 F.3d at 1255-56, 1263 n.17; *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023).

Here, Bray has not stated a failure to accommodate claim because she alleges that her general manager approved her accommodation request. ECF 4 ¶ 5. Although Bray alleges an assistant manager attempted to remove her accommodation, she also alleges that her general manager intervened on her behalf, "reminding [the assistant manager] that Plaintiff could not stand." *Id.* ¶¶ 7-8. Because Bray does not allege her employer failed to provide her with an accommodation, her failure to accommodate claim is **DISMISSED without prejudice**.

## III. CONCLUSION

In sum, Bray's claims for hostile work environment (Count I), retaliation (Count II), and ADA Discrimination (Count III) will proceed to discovery.

Bray's failure to accommodate claim (Count IV) is **DISMISSED without prejudice.**

Accordingly, it is **ORDERED** that service be made on defendant Griner Investments, LLC d/b/a McDonald's by the United States Marshal Service. The plaintiff is advised that she must serve upon opposing counsel (or defendant if the defendant is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). The plaintiff shall include with any paper which is filed with the

Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to defendant or the defendant's counsel. The Clerk of Court will not serve or forward to defendant or the defendant's counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

The plaintiff is responsible for diligently prosecuting her complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff is required to keep the Clerk of Court advised of her current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 13th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT